**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff/Appellee,

v.

SCOTT ALEX COPLEN,

    Defendant/Appellant.

No. 99-6078

W. D. Okla.

(D.C. No. CR-98-153-C)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges.

---

A jury convicted the appellant, Scott Alex Coplen, of the following

charges:  attempted car jacking in violation of 18 U.S.C. § 2119 (count 1); car

jacking in violation of 18 U.S.C. § 2119 (count 3); use of a firearm in the

commission of the attempted car jacking and car jacking in violation of 18 U.S.C.

§ 924(c) (counts 2 and 4); and possession of a firearm by a convicted felon in

violation of 18 U.S.C. § 922(g) (count 5).  Mr. Coplen's sole argument on appeal

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

is that his conviction on counts one through four must be reversed because there was insufficient evidence of intent to cause death or serious bodily harm under the federal car jacking statute. For reasons discussed below, we conclude there was sufficient evidence of the requisite intent and affirm Mr. Coplen's conviction.

## I. BACKGROUND

The following facts were alleged at trial:

On May 13, 1998, Mr. Coplen approached Alice Woodrome in the parking lot of a motel in downtown Oklahoma City, pointed a loaded gun at her, and said something that left Ms. Woodrome with the impression that he meant to take her truck with her in it. She began screaming and Mr. Coplen backed up and appeared as though he was confused and did not know what to do next. Kishor Patel, the owner of the motel, came out and shouted that he would call the police. Mr. Patel testified that he saw Mr. Coplen try to push Ms. Woodrome, although Ms. Woodrome testified that she did not recall whether Mr. Coplen pushed her. Mr. Coplen never verbally threatened Ms. Woodrome. After she screamed and Mr. Patel threatened to call the police, Mr. Coplen ran away.

A few minutes later and a block away, Mr. Coplen pointed his gun at a second victim, Randy Patterson, who was loading paint into a van, and said, "Give me your wallet." Rec. vol. II, at 33. Mr. Patterson gave Mr. Coplen his

wallet to which Mr. Coplen replied, "Okay, let's go." Id. at 34. Mr. Coplen then shut the back doors and side door of Mr. Patterson's van. Mr. Patterson fled into a school building and Mr. Coplen drove off in the van.

Mr. Coplen was convicted on all five counts with which he was charged. On appeal he argues that there was insufficient evidence of intent to cause death or serious bodily harm, as required by the federal car jacking statute.

## II. DISCUSSION

We review the sufficiency of the evidence de novo. See United States v. Wiseman 172 F.3d 1196, 1212 (10th Cir. 1999). We do not re-weigh the evidence presented at trial, but rather we inquire whether, after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See id.

Section 2119, the federal car jacking statute, makes it a crime to "take[] a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation" "with the intent to cause death or serious bodily harm." 18 U.S.C. § 2119.

The Supreme Court has recently interpreted the intent requirement of § 2119.

> In a carjacking case in which the driver surrendered or otherwise lost control over his car without the defendant attempting to inflict, or actually inflicting, serious bodily harm, Congress' inclusion of the intent element requires the Government to prove beyond a reasonable doubt that the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car.

Holloway v. United States, 119 S. Ct. 966, 972 (1999). In Holloway the defendant argued that, under § 2119, the prosecution must show that the defendant possessed "a specific and *unconditional* intent to kill or harm in order to complete the proscribed offense." 119 S. Ct. 966, 970 (1999) (emphasis added). The Court held that the intent requirement of § 2119 can be satisfied even when the government proves the defendant possessed only "conditional intent," that is, "at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver *if necessary to steal the car* . . . ." Id. at 972 (emphasis added).

Mr. Coplen asserts that there was insufficient evidence of conditional intent. Thus, we ask whether a rational juror could infer from the facts presented at trial that, at the time Mr. Coplen demanded the truck from Ms. Woodrome, or at the time he demanded or took control of the van from Mr. Patterson, Mr.

-4-

Coplen intended to kill or seriously harm either of them if necessary to steal their vehicles.  See Holloway , 119 S. Ct. at 972.

Mr. Coplen contends that the evidence was insufficient to prove he conditionally intended to kill or inflict serious bodily harm at the time he demanded the vehicles because both victims resisted and he did not physically harm either of them.  He emphasizes that there was no evidence that he verbally threatened to harm either victim.    See, e.g. , United States v. Jones  , 188 F.3d 773, 777 (7th Cir. 1999) (stating that the defendants' verbal threats to shoot the victim and verbal commands that the victim comply "or else" are strong evidence of conditional intent under section 2119).

This contention is not persuasive.  As to Ms. Woodrome, the evidence showed that Mr. Coplen came right up behind her as she was opening the door to her truck.  He pointed a loaded gun at her and said something that left her with the understanding that he meant to take her truck with her in it.    See Rec. vol. II, at 16.  This is further supported by Mr. Patel's testimony that he observed Mr. Coplen push Ms. Woodrome in an attempt to get her in the truck.    See id. at 24. We do not think it necessary that Mr. Coplen have verbally threatened Ms. Woodrome with some sort of negative repercussion for not complying with his demands.  The jury could have reasonably found that such a threat was clearly implied by his actions.  At the precise moment when Mr. Coplen attempted to

take the vehicle he had a real and present ability to inflict serious bodily injury, as evidenced by his mere possession of the loaded weapon. The fact that Ms. Woodrome's screams and the arrival of Mr. Patel caused Mr. Coplen to flee without harming her does not make it unreasonable for a jury to conclude that, at the time Mr. Coplen demanded her truck, he intended to kill or seriously injure her. See United States v. Williams, 136 F.3d 547, 551, 553 (8th Cir.), cert. denied, 119 S. Ct. 1139 (1999) (concluding the jury could reasonably infer the defendant intended to cause death or serious bodily injury to the victim in the second of two car jacking incidents, based on the following evidence: the defendant, armed with a revolver, tried to force the victim into her car; when the victim screamed, the defendant moved away; and when another person entered the parking lot, the defendant fled without harming the victim).

As to the incident involving Mr. Patterson, the evidence of intent was similar. Mr. Patterson testified that Mr. Coplen came up behind him, pointed a loaded gun at his side and commanded him to hand over his wallet. After Mr. Patterson complied, Mr. Coplen, still pointing the gun at Mr. Patterson, stated, "Okay let's go." Rec. vol. II, at 34. Mr. Patterson then fled the area, leaving the doors to the van wide open and the keys in the ignition. We hold that a reasonable juror could have inferred from the evidence that Mr. Coplen intended

to seriously harm or kill Mr. Patterson if such action would have been necessary to take the van.   See Holloway , 119 S. Ct. at 972.

We conclude there was sufficient evidence for a rational trier of fact to find that Mr. Coplen possessed the requisite intent in both car jacking incidents.

## III. CONCLUSION

Accordingly, the conviction is AFFIRMED.

Entered for the Court,

Robert H. Henry
Circuit Judge